# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07CV540-R

| | |
|---|---|
| DENNIS C. SHOEMAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRECISION STEEL ) <br> WAREHOUSE, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION <br> AND ORDER** |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6)" (document #6) and ". . . Brief in Support . . ." (document #7), both filed January 22, 2008. The Plaintiff filed his ". . . Brief in Support of its Motion Not to Dismiss Plaintiff's Complaint" (document #8) February 22, 2008. On March 7, 2008, the Defendant filed its ". . . Reply . . ." (document #9).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendant's Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u> as to dismissal of the Plaintiff's Title VII claim, but <u>denied</u> as to all other claims, so long as the Plaintiff files an Amended Complaint and completes proper service on the Defendant on or before April 22, 2008, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking relief pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C.

§ 2000e ("Title VII"), the Americans with Disabilities Act ("the ADA"), 42 U.S.C. § 12112, <u>et. seq.</u>, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 <u>et seq.</u>

Accepting the allegations of the Complaint as true, the Plaintiff is a resident of Mooresville, North Carolina, and former employee of Defendant Precision Steel Warehouse, located in Charlotte, North Carolina. In his two-page Complaint, the Plaintiff alleges that he suffered a loss in present and future wages as a result of the Defendant's alleged unlawful actions. These "actions" are only described as "harassing conduct" in the Complaint, but the Plaintiff incorporates by reference his Equal Employment Opportunity Commission Charge of Discrimination ("EEOC Charge"). In the EEOC Charge, the Plaintiff marked the both the age and disability[1] discrimination boxes, and explained the discrimination as follows:

> I. I was employed by the above named employer on or about May of 1993, in the General Warehouse; I was then promoted to Machine Operator. During the course of my employment I informed my employer about my disability; and they asked me to work through it. In the last two years my employer hired younger employees to fill certain positions. On January 10, 2007, I was discharged.
>
> II. Mr. Larry Lee, Plant Manager informed me that on my layoff slip he was going to say that I was laid off because of reduction in force, however; [sic] the real reason why I was being discharged was because of my disability.
>
> III. I believe that I was discriminated against because of my disability in violation of The Americans with Disabilities Act of 1990, as amended, and because of my age, 54, in violation of The Age Discrimination in Employment Act of 1967, as amended.

The EEOC issued what is commonly called a "right to sue letter" on August 22, 2007, and the Plaintiff filed his Complaint in Mecklenburg County Superior Court on November 20, 2007. The

---

[1] The Plaintiff does not identify his disability in his Complaint or in his Charge of Discrimination. However, he does incorporate by reference a letter from the Social Security Administration stating that he is entitled to monthly disability benefits beginning July 2007. The letter does not state the disability.

2

Defendant removed the action to this Court on December 21, 2007. Removal has not been challenged and appears proper.

In the subject Motion, the Defendant argues that the Plaintiff's claims should be dismissed due to improper service, failure to exhaust administrative remedies, and failure to state a claim upon which relief may be granted. The Plaintiff's two-page response briefly restates his claims, notes that the Complaint should have been served upon an individual (Larry Lee, the Defendant's Plant Manager), and adds the following facts:

> During his employment Dennis C. Shoemaker (Plaintiff) held the position of floater, in which job responsibilities included filling in for employees that were on vacation or out sick. This position meant that Dennis C. Shoemaker was qualified to work all positions in the plant. Dennis C. Shoemaker (Plaintiff) was also given a key to the warehouse to open the plant because he was usually the first to arrive for work. January 2004, Dennis C. Shoemaker was promoted to 60" Slitter Operator. While holding this position Dennis C. Shoemaker (plaintiff) constantly achieved production requirements. Complaints of unwillingness to perform certain aspects of the position were made by employee (Jeff Rhone) who was given position. I was not unwilling to perform my job, but unable to perform certain responsibilities, which Precision Steel Warehouse (Defendant) was aware of. There are other positions in the plant that I am capable of performing, these are held by employees with less seniority and qualifications. Policy handbook says if layoff takes place person who has seniority will stay in the company.

## II. DISCUSSION

### A.  12(b)(6) Motion to Dismiss

#### 1. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and

3

Procedure §1356 (1990).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's most recent examination of this standard, it explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### 2. Failure to Exhaust Administrative Remedies

It is well settled that a plaintiff's claims must be reasonably related to his EEOC Charge and be expected to follow from a reasonable administrative investigation of those charges. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). In other words, a plaintiff has not exhausted his administrative remedies unless he has actually raised a specific claim with the EEOC.

As noted above, the Plaintiff did file a timely Charge of Discrimination with the EEOC; however, his Charge of Discrimination did not assert any claims pursuant to Title VII. Title VII

4

requires that a person bringing a claim under the statute file a Charge of Discrimination with the EEOC within 180 days of the alleged misconduct. 42 U.S.C. § 2000e-5(e)(1). Because the Plaintiff did not make any charge pursuant to Title VII in his Charge of Discrimination, and because his time to do so has elapsed, he may not bring a Title VII claim against the Defendant in this action. Accordingly, the undersigned will recommend dismissal of the Plaintiff's Title VII claim. Accord Miles, 429 F.3d at 492; and Adams v. Giant Food, Inc., 225 F. Supp. 2d 600, 604–05 (D. Md. 2002) (granting summary judgment for the defendant for the plaintiff's failure to exhaust administrative remedies where plaintiff checked the box marked "retaliation," but made no allegation of retaliation in his EEOC charge narrative).

In contrast, the Plaintiff's Charge of Discrimination does state a claim that he was discriminated against because of his age and disability. The Defendant nevertheless argues that the Plaintiff's ADA and ADEA claims should be dismissed because the allegations in the Complaint differ from those asserted in the Plaintiff's Charge of Discrimination; specifically, the Defendant argues that while the EEOC Charge asserts that the Plaintiff "was subject to the discrete *discriminatory* act of having his employment terminated because of his age and disability," the Complaint only alleges a violation of these statutes based on "harassing conduct."

The Defendant is correct in pointing out that the allegations in the EEOC Charge and in the Complaint are different. However, the Plaintiff has incorporated by reference his Charge to the EEOC, and it cannot be overlooked that the Plaintiff is proceeding *pro se* and that a court "must construe *pro se* complaints liberally." Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (internal citations omitted). Accordingly, the undersigned will not recommend dismissal, but rather will order the Plaintiff to file and serve an Amended Complaint, which explicitly states, in the text

5

of the Complaint, the factual basis for the age and disability discrimination described in his EEOC Charge, including the nature of the disability itself.

### 3. Failure to State a Claim

The Defendant also argues that the Plaintiff's Complaint should be dismissed because it is so devoid of factual allegations that it does not state a claim as a matter of law. This is true, and even incorporating the EEOC Charge, the nature of the disability and the details surrounding the alleged discrimination are not alleged. However, it is clear from the facts before the Court that the *pro se* Plaintiff suffers from some type of disability, that he was terminated from his position, and that he filed a timely Charge of Discrimination alleging age and disability discrimination.

For these reasons and those stated in the preceding section, the Plaintiff will be given an opportunity to amend his Complaint to conform to and expand factually upon the alleged discrimination described in his EEOC Charge.

### B. 12(b)(1), (5) Motion to Dismiss

### 1. Standard of Review

The procedural requirement that a summons be properly served must be satisfied before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, a "motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). The Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Federal Rule of Civil Procedure 4. Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Technical compliance with Rule 4 is not always required, and where actual notice is received, Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court."

Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). "Moreover, the court should allow a *pro se* litigant a certain amount of lenity that is not afforded to represented parties." McCreary v. Vaughn-Bassett Furniture Co., Inc., 412 F. Supp. 2d 535, 537 (M.D.N.C. 2005) (internal citations omitted) (emphasis in original). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). See also, Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (noting that the liberal construction of Rule 4 does not mean "that the provisions of the Rule may be ignored if the defendant receives actual notice").

### 2. Service of Process

The Defendant argues that this action should also be dismissed because service of process has not been perfected. Specifically, after commencing the action in state court, the Plaintiff mailed the Summons and Complaint (via United States Postal Service/next day delivery, return receipt requested) to "Precision Steel Warehouse," but not directed to any individual. In his response, the Plaintiff simply states that the Complaint should have been directed to Larry Lee, Plant Manager.

North Carolina Rule of Civil Procedure 4(j)(6) allows for a corporation to be served in the following manners:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director,

> or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

Thus, the Defendant is correct in its assertion that service was improper because the Plaintiff did not direct his mailing to one of the Defendant's officers, directors, managing agents, or an authorized agent.

North Carolina law requires strict compliance with the service of process statutes, even where it is clear, as here, that a defendant has received actual notice of the action. See, e.g., Philpott v. Kerns, 285 N.C. 225, 228, 203 S.E.2d 778, 780 (1974) (actual notice not a substitute for valid service in accordance with the statute); Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005) (same); Greenup v. Register, 104 N.C. App. 618, 620, 410 S.E.2d 398, 400 (1991) (service of process statute "must be construed strictly and the prescribed procedure must be followed strictly"); and Roshelli v. Sperry, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982) (service invalid if not issued and served in the manner prescribed by statute, even where the defendant had actual notice). Accordingly, it is clear that the Plaintiff did not properly complete service of process pursuant to North Carolina law prior to removal of this action.

North Carolina Rule of Civil Procedure 4(c) allows the Plaintiff 60 days from the issuance of the Summons to complete service. Here, the Summons was issued on November 21, 2007. When the action was removed to federal court on December 21, 2007, the time in which to perfect service had not expired. Thus, the case was _not_ subject to dismissal in state court at the time it was removed. Under these unique circumstances, federal law provides that:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Thus, even if service of process was defective in the state court proceeding, 28 U.S.C. § 1448 allows the Plaintiff the opportunity to re-serve a Defendant who was improperly served while the matter was pending in state court. See, e.g., Tadco Constr. Corp. v. Peri Framework Systems, Inc., 460 F. Supp. 2d 408, 412-13 (E.D.N.Y. 2006) (citations omitted).

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 120 days after the Complaint is filed. In removal cases, this requirement has been interpreted to allow the Plaintiff 120 days from the date of removal to serve process pursuant to federal law. See, e.g., Motsinger v. Flynt, 119 F.R.D. 373, 377 (M.D.N.C. 1988). Accordingly, the time to perfect service in this case will not run until April 22, 2008.

Federal law provides that service may be completed by either following the state's law in the state where the district court is located, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A), (B).

Applying the law to the facts of this case, especially in light of the Plaintiff's *pro se* status, the Court finds that the Plaintiff's time to perfect service will not run until April 22, 2008. Accordingly, the undersigned will recommend that the Defendant's Motion to Dismiss be denied, and order the Plaintiff to amend his Complaint, as set forth above, and to perfect service of process, on or before April 22, 2008. If he fails to amend his Complaint or perfect service, he is hereby on notice that his remaining claims may be dismissed.

### III. ORDER

On or before April 22, 2008, the Plaintiff shall file *and* properly serve the Defendant with

his Amended Complaint which shall include, in the **text** of the Complaint, an explanation of his alleged disability along with facts sufficient to put the Defendant on notice of the alleged discrimination. The Plaintiff is warned that failure to comply with this Order may result in dismissal of his remaining claims.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's Motion to Dismiss (document #6) be **GRANTED** as to the Plaintiff's Title VII claims, but **DENIED** as to the Plaintiff's ADA and ADEA claims, so long as the Plaintiff files and properly serves an Amended Complaint, correcting the deficiencies identified above, on or before April 22, 2008.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to *pro se* Plaintiff Dennis C. Shoemaker, 230 Gibbs Road, Mooresville, NC 28117; counsel for the Defendant; and to the Honorable Martin K. Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: March 12, 2008

Carl Horn, III
United States Magistrate Judge