# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv540

| | |
|---|---|
| **DENNIS C. SHOEMAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **PRECISION STEEL WAREHOUSE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte*.

On April 1, 2008, the Court entered an Order accepting the Magistrate Judge's Recommendation [Doc. 10] that the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6) [Doc. 6] be granted with respect to the Plaintiff's Title VII claims, but denied as to the Plaintiff's ADA and ADEA claims, so long as the Plaintiff filed and properly served an Amended Complaint on or before April 22, 2008. The Court explicitly warned the Plaintiff that "failure to file and properly serve an Amended Complaint on or before April 22, 2008 may result in the dismissal of his remaining claims." [Order, Doc. 15].

On April 7, 2008, the Plaintiff filed a document entitled "Plaintiff's Brief in Support of its [sic] Motion Not to Dismiss Plaintiff's Complaint" [Doc. 16], which appears to be an amended version of the "Plaintiff's Brief in Support of its [sic] Motion Not to Dismiss Plaintiff's Complaint" [Doc. 8] filed on February 22, 2008 in opposition to the Defendant's Motion to Dismiss.  This amended filing [Doc. 16] is identical to the Plaintiff's prior filing [Doc. 8] except in three respects.  First, the second paragraph of the amended filing contains an additional sentence, which is highlighted in bold below:

> Defendant states that Plaintiff failed to complete service of process upon defendant under the applicable North Carolina and/or Federal law: [sic] because summons did not include an individual name with Precision Steel Warehouse.  Complaint should have been sent to Larry Lee, Plant Manager, of Precision Steel Warehouse.  **Plaintiff has sent by registered mail summons to Larry Lee, Precision Steel Warehouse (Exhibit A).**

[Plaintiff's Brief, Doc. 16] (emphasis added).  The documents attached as Exhibit A to the Plaintiff's amended filing include a copy of the Plaintiff's Complaint, which was filed in state court on November 20, 2007.  This copy of the Complaint is identical to the copy submitted by the Defendant with its Notice of Removal [Doc. 1], with one significant difference: the

name "Larry Lee" is handwritten in the caption of the case above the Defendant's name. Also included among the documents labeled as "Exhibit A" is a copy of the original Summons issued by the North Carolina state court on November 20, 2007. Again, the name "Larry Lee" is handwritten in the caption of the document, directly under the Defendant's name. However, the copy of the state court Summons filed with the Notice of Removal [Doc. 1] does not contain any such handwritten notation. The Summons attached to the Plaintiff's amended filing [Doc. 16] is not executed, and nowhere in this amended filing does the Plaintiff indicate when he in fact mailed such Summons to Larry Lee.

The amended filing [Doc. 16] also includes reference to two additional exhibits, labeled as B and C. Exhibit B appears to contain copies of the Plaintiff's medical records and other documentation related to Plaintiff's application for Social Security disability benefits. Exhibit C appears to contain copies of documents related to the EEOC's investigation of Plaintiff's Charge of Discrimination.

To the extent that the Plaintiff's amended filing [Doc. 16] may be construed as an attempt to comply with the Court's Order [Doc. 15] directing the Plaintiff to file an Amended Complaint and properly serve the

3

same upon the Defendant, the Plaintiff's efforts have fallen short of the mark.  The Plaintiff has failed to amend his Complaint [Doc. 1-2] to conform to and expand factually upon the alleged discrimination described in his EEOC Charge, as required by the Court's prior Order [Doc. 15]. Inundating the Court with documentation which the Plaintiff apparently believes supports his case does not satisfy the requirement that the Plaintiff set forth in his Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.  Thus, although we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

<u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citations omitted).

Further, the Plaintiff has provided no evidence to the Court that he has served the Defendant with proper service of process in accordance

with Rule 4 of the Federal Rules of Civil Procedure.  There is nothing in the record to indicate that the Plaintiff has obtained the issuance of a federal Summons to be served on the Defendant.  While the Plaintiff contends in his amended filing that he sent a Summons "by registered mail" to Larry Lee, he offers only a copy of the original state court Summons as proof of service.  There is no evidence in the record that this Summons was executed, and Plaintiff does not state when this mailing was made.  Further, Plaintiff does not indicate that a copy of the Complaint was mailed with the Summons, as required by Rule 4(c)(1) ("A summons must be served with a copy of the complaint.").

For these reasons, the Court concludes that the Plaintiff has failed to comply with the Court's Order of April 1, 2008, directing the Plaintiff to file and properly serve an Amended Complaint on the Defendant on or before April 22, 2008.  Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

Signed: April 30, 2008

Martin Reidinger
United States District Judge